UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>VNAP, LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-08755-TSH<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

## I. INTRODUCTION

Pending before the Court is a Motion to Dismiss, filed by Defendants VNAP, LLC and Van Ness Pizzeria Inc. ECF No. 19. On April 5, 2022, Plaintiff Brian Whitaker filed an Opposition (ECF No. 24) and, on April 13, 2022, Defendants filed a Reply (ECF No. 25). The Court finds this matter suitable for disposition without oral argument and **VACATES** the April 28, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion to Dismiss for the following reasons.[1]

## II. BACKGROUND

Whitaker is a quadriplegic who uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. VNAP, LLC owns property located at 1243 Van Ness Ave., San Francisco, California. *Id*. at ¶ 3. Van Ness Pizzeria Inc. owns Village Pizzeria located at 1243 Van Ness Ave., San Francisco, California. *Id*. at ¶ 5.

In October 2021, Whitaker went to Village Pizzeria with the intent to avail himself of its

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 17, 23.

goods or services, motivated in part to determine if the business complied with disability access laws. *Id*. at 10. However, on the date of Whitaker's visit, Defendants failed to provide wheelchair accessible outdoor dining surfaces and entrance door hardware. *Id*. at ¶¶ 12, 17. Whitaker claims he will return to Village Pizzeria to avail himself of its goods or services and to determine disability access compliance. *Id*. at ¶ 27. Whitaker is deterred from returning to Village Pizzeria because of existing and unknown barriers. *Id.*

On November 10, 2021, Whitaker filed a complaint against Defendants, alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. ECF No. 1. Defendants move to dismiss Whitaker's complaint under Federal Rule of Civil Procedure 12(b)(1). ECF No. 19.

### III.  LEGAL STANDARD

Rule 12(b)(1) allows a party to challenge a federal court's subject matter jurisdiction. As the party invoking subject matter jurisdiction of the federal court, the plaintiff bears the burden of establishing that the Court has the requisite subject matter jurisdiction to grant the relief requested. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

A challenge to subject matter jurisdiction is a factual attack when the moving party relies on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on subject matter jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

### IV.  DISCUSSION

Defendants move to dismiss Whitakers' ADA and Unruh Act claims. ECF No. 19.

**A.   ADA Claim**

Defendants argue Whitaker's ADA claim is moot because Defendants removed and remedied the barriers to access alleged in Whitaker's complaint. ECF No. 19 at 6-7. Whitaker argues dismissal is improper because jurisdictional facts are intertwined with the merits of his ADA claim. ECF No. 24 at 1-6.

The Ninth Circuit has cautioned that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Sun Valley Gasoline, Inc. v. Ernst Enter. Inc*., 711 F.2d 138, 139 (9th Cir. 1983) (internal citation and quotations omitted). However, the Court may apply the summary judgment standard in deciding Defendants' motion to dismiss. *See Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("[T]he district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."); *see also Johnson v. Hurwicz*, Case No. 21-cv-2027-EJD, 2022 WL 444404, at *2 (N.D. Cal. Feb. 14, 2022) ("In this case, the question of whether there are violations of the ADA is determinative of both subject matter jurisdiction and the substantive claim for relief. The Court will therefore treat the motion to dismiss for mootness as a motion for summary judgment."); *Whitaker v. Gundogdu*, Case No. 21-cv-3132-JSC, 2021 WL 5937659, at *2 (N.D. Cal. Dec. 16, 2021) (applying summary judgment standard to evaluate motion to dismiss ADA claim). Whitaker fails to offer evidence showing jurisdictional facts are in dispute. Accordingly, the Court shall apply the summary judgment standard.

Whitaker opposes application of the summary judgment standard and argues he intends to amend his complaint after a site inspection. ECF No. 24 at 1-2. However, the deadline for conducting a joint site inspection has passed,[2] and Whitaker has not conducted one. He has also

---

[2] Defendants were served with the complaint on December 6, 2021. ECF Nos. 8, 9. Pursuant to General Order 56, the last day for the parties and counsel to hold a joint inspection was February 4, 2022. General Order 56 ¶ 7.

not sought an order compelling the site inspection, nor has he filed a motion supported by good cause requesting an extension of time in which to conduct an inspection. *Cf. Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1178 (9th Cir. 2021) ("[I]t appears the plaintiff . . . could have avoided dismissal by conducting discovery sometime in the nine months that passed before the summary judgment motion was filed, identifying other barriers within the defendant's facility, and amending his complaint."). Moreover, Whitaker fails to identify any discovery that could give rise to a genuine dispute of fact. *See Gundogdu*, 2021 WL 5937659, at *4 (declining plaintiff's request for jurisdictional discovery because "[plaintiff] made no showing that such facts are in dispute here" and "Courts[] routinely grant motions to dismiss for lack of subject matter jurisdiction where plaintiffs raise similar arguments but fail to offer a declaration or even any argument regarding what additional evidence they would or could develop if given the opportunity.")

The Court finds Defendants have established Whitaker's ADA claim is moot. The complaint alleges Defendants failed to provide accessible outdoor dining surfaces and entrance door hardware.[3] ECF No. 1 at ¶¶ 12, 17. Defendants submitted a declaration from Dwight Ashdown, a California Certified Access Specialist, to address these allegations. ECF No. 20, Ashdown Decl. After performing two inspections of the property's one outdoor table and entrance door handle, Ashdown certified the alleged barriers comply with ADA standards. Ashdown, Decl. at ¶¶ 8-12. Ashdown included his resume, explained the applicable standards and methodology, provided the measurements of the outdoor dining surfaces and door handle, included pictures of measurements, and explained his conclusions. *See* ECF No. 20, Exhibit 2. The Court finds Ashdown's declaration is persuasive evidence that Defendants remedied the alleged barriers. *Compare Johnson v. Case Ventures, LLC*, Case No. 19-cv-2876-EJD, 2020 WL 4747908, at *3

---

[3] Whitaker's Opposition states "it is alleged that Defendants have changed its policy regarding offering an accessible outdoor table." ECF No. 24 at 8. However, Whitaker's complaint does not allege Defendants adopted a policy regarding outdoor tables. *See* ECF No. 1 at ¶¶ 12 ("[D]efendants failed to provide wheelchair accessible outside dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff."), 13 ("The Restaurant provides dining surfaces to its customers but fails to provide wheelchair accessible outside dining surfaces.")

1  (N.D. Cal. Aug. 17, 2020) (finding declaration that "describe[d] the features of the barriers that
2  [California Certified Access Specialized] examined, the measurements he took, how he took them,
3  and the applicable ADA and Unruh Act standards" sufficient to establish mootness) *with Johnson*
4  *v. JKLM Properties*, LLC, Case No. 20-cv-1078-EJD, 2021 WL 796274 (N.D. Cal. Mar. 2, 2021)
5  (finding declaration that was "not supplemented by any photographs of the MSPC parking lot,
6  actual measurement numbers for many relevant features of the parking lot, or any explanation
7  about his methodology or how he reached his conclusion" insufficient to show mootness).
8  Moreover, Whitaker fails to offer any evidence giving rise to a factual dispute. It bears repeating
9  that the very method by which Ashdown performed his analysis – inspecting the site – was
10 available under General Order 56 to Whitaker and any expert or consultant he wished to retain,
11 and Whitaker simply did not undertake the joint site inspection.
12         There is also no evidence in the record that Defendants have a history of ADA violations
13 or that ADA violations are reasonably likely to occur. *See Gundogdu*, 2021 WL 5937659, at *3
14 ("Even with non-structural barriers, however, if the evidence is undisputed that the ADA
15 violations could not reasonably be expected to recur, the ADA claim will still be moot."); *Case*
16 *Ventures,* 2020 WL 4747908, at *3 ("Because Defendant has made structural changes to its
17 property to remedy the alleged violations, it is 'absolutely clear that the allegedly wrongful
18 behavior [can] not reasonably be expected to recur.'") (citing *Friends of the Earth, Inc. v. Laidlaw*
19 *Envtl. Serv. (TOC), Inc*., 528 U.S. 167, 170 (2000)).
20         Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Whitaker's ADA
21 claim.
22 **B.   Unruh Act Claim**
23         Defendants argue the Court should decline to exercise supplemental jurisdiction of
24 Whitaker's Unruh Act claim. ECF No. 19 at 7-8. Whitaker urges the Court to retain supplemental
25 jurisdiction. ECF No. 24. at 12.
26         The Court "may decline to exercise supplemental jurisdiction" if, as here, it "has dismissed
27 all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). At the same time, the Court
28 has discretion to keep the state law claims, taking into account considerations of "judicial

economy, convenience, fairness, and comity." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

"'Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim.'" *Hub's Coffee*, Case No. 21-cv-3904-SVK, 2021 WL 4749452, at *2 (N.D. Cal. Oct. 12, 2021) (internal citation omitted). This Court similarly declines to exercise supplemental jurisdiction over Whitaker's Unruh Act claim because it would not further the interest of judicial economy, convenience, fairness and comity. *See id.* Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Whitaker's Unruh Act claim.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss. Whitaker's ADA claim is dismissed as moot. The Court declines to exercise supplemental jurisdiction over the remaining Unruh Act claim. Accordingly, the Unruh Act claim is dismissed without prejudice to refiling it in state court.

**IT IS SO ORDERED.**

Dated: April 19, 2022

THOMAS S. HIXSON
United States Magistrate Judge